# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THURMAN WILLIAMS and<br><br>RONALD IAN BOATRIGHT<br><br>each individually and on behalf of all others similarly situated,<br><br>        PLAINTIFFS,<br><br>        v.<br>FEDERAL BUREAU OF PRISONS<br><br>MICHAEL CARVAJAL, in his official capacity as Director, Federal Bureau of Prisons<br><br>DISTRICT OF COLUMBIA<br><br>QUINCY BOOTH, in his official capacity as Director, D.C. Department of Corrections<br><br>HOPE VILLAGE, INC.,<br><br>        DEFENDANTS. | Civil No. 1:20-cv-890 |

## PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

## EXPEDITED ORAL HEARING REQUESTED

Plaintiffs Thurman Williams and Ronald Boatright respectfully move for the entry of a temporary restraining order to require that Defendants Federal Bureau of Prisons, Michael Carvajal, District of Columbia, Quincy Booth, and Hope Village, Inc. create conditions that will minimize and mitigate the spread of COVID-19 within Hope Village. Specifically, the Court should:

1. Certify the class of all current and future residents of Hope Village.

2. Issue a declaration that the conditions to which Plaintiffs are subjected at Hope Village place Plaintiffs at an unreasonable risk of contracting serious illness.

3. Issue a Temporary Restraining Order requiring that Defendants address the inadequate conditions at Hope Village. The Temporary Restraining Order should require:

   a. That Defendants release enough residents such that the remaining residents can be housed safely and in compliance with CDC guidance at Hope Village;

   b. That Defendants take appropriate sanitary measures, including, *inter alia*:

      i. Clean the residents' rooms daily;

      ii. Reduce the number of residents at each meal time to facilitate social distancing pursuant to CDC guidelines;

      iii. Reduce the number of residents sharing bedrooms to facilitate social distancing pursuant to CDC guidelines;

      iv. Reduce the number of residents sharing bathrooms to ensure good hygiene;

      v. Provide products for residents to maintain a clean space and ensure good personal hygiene; and

      vi. Ensure food safety, including ensuring that persons handling the food have been tested or screened for COVID-19 symptoms.

   c. That Defendants stop admitting new residents to Hope Village;

   d. That Defendants provide an on-site medical team;

   e. That Defendants screen staff and any person for COVID-19 symptoms upon every entry into the facility;

    f.   That Defendants screen any and every resident who complains of COVID-19 symptoms for the virus. Defendants should also implement isolations and quarantines when necessary; and

    g.   That Defendants follow CDC and BOP guidelines and post signage to alert residents to the symptoms of COVID-19, and ways to prevent the spread of the virus.

4. Issue a Writ of Habeas Corpus and order the immediate release of Plaintiffs and sufficient members of the Plaintiff Class to ensure that the remaining residents can effectively practice social distancing and safe sanitation measures, with appropriate precautionary public health measures, on the ground that their continued detention violates their constitutional rights;

5. In the alternative, issue injunctive relief ordering all Defendants to immediately release Plaintiffs, with appropriate precautionary public health measures, on the grounds that their continued detention violates their constitutional rights;

6. Award Plaintiffs their costs and reasonable attorneys' fees in this action under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, and on any other basis justified under law; and

7. Grant any and all other such relief that this Court deems just and equitable.

For the reasons set forth in the Memorandum Of Law In Support Of Plaintiffs' Motion For Temporary Restraining Order And Preliminary Injunction and the Request For A TRO Hearing, Plaintiffs request that an oral hearing be held on an expedited basis pursuant to Local Civil Rules 7(f) and 65.1(a). A proposed order accompanies this motion.

Dated: April 2, 2020 	Respectfully submitted,

	 /s/ Kevin Metz

	Kevin Metz (D.C. Bar # 494087)
	Drew Wisniewski (D.C. Bar # 1016351) (pro hac vice pending)
	Clayton LaForge (D.C. Bar # 1033938)
	**LATHAM & WATKINS LLP**
	555 Eleventh Street NW, Suite 1000
	Washington, DC  20004
	Tel:  (202) 637-2200
	kevin.metz@lw.com
	clayton.laforge@lw.com

	Jonathan Smith (D.C. Bar # 396578)
	Emily Gunston (D.C. Bar # 1032056) (pro hac vice pending)
	Lyndsay A. Niles (D.C. Bar # 1003427) (pro hac vice pending)
	**WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS & URBAN AFFAIRS**
	11 Dupont Circle, NW, Suite 400
	Washington, DC 20036
	jonathan_smith@washlaw.org

	Scott Michelman (D.C. Bar # 1006945)
	Arthur B. Spitzer (D.C. Bar # 235960)
	Michael Perloff (D.C. Bar # 1601047)
	**ACLU FOUNDATION OF THE DISTRICT OF COLUMBIA**
	915 Fifteenth Street NW, Second Floor
	Washington, DC 20005
	Tele: (202) 457-0800
	artspitzer@gmail.com
	smichelman@acludc.org
	mperloff@acludc.org

	*Attorneys for Plaintiffs*